1  PAMELA J. ZYLSTRA – State Bar No. 147977
   PAMELA JAN ZYLSTRA
2  A PROFESSIONAL CORPORATION
   18191 Von Karman Avenue, Suite 460
3  Irvine, CA  92612-7114

4  Telephone:  (949) 222-2000
   Facsimile:  (949) 222-2022
5  Email:   zylstralaw@gmail.com

6
   Proposed General Reorganization Counsel for
7  Clarke Project Solutions, Inc.

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SANTA ANA DIVISION**

11 In Re

12 CLARKE PROJECT SOLUTIONS, INC.,
13 a California corporation,

14              Debtor and Debtor-in-Possession.

| Case No. 8:17-bk-10402 TA |
| --- |
| Chapter 11 Proceeding |
| **DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT AND HONORING OF PREPETITION PAYROLL OBLIGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CHRISTOPHER CLARKE IN SUPPORT THEREOF** |
| DATE: February __, 2017 |
| TIME: |
| CTRM: Courtroom 5B |
| 411 W. Fourth Street |
| Santa Ana, California 92701 |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**TO THE HONORABLE THEODOR ALBERT UNITED STATES BANKRUPTCY JUDGE;
THE OFFICE OF THE UNITED STATES TRUSTEE; DISPUTED SECURED CREDITOR
CUMMING CONSTRUCTION MANAGEMENT, INC. AND ITS ATTORNEY; AND THE
TWENTY LARGEST UNSECURED CREDITORS:**

CLARKE PROJECT SOLUTIONS, INC., a California corporation, fka Cumming Clarke,
the Debtor and Debtor-in-Possession in the within Chapter 11 case (the "Debtor"), hereby moves
this Court on an emergency basis for an order granting the following relief:

A. Authorizing payment of prepetition employee wage and salary obligations owed by
the Debtor up to the priority limit in Section 507(a) of the United States Bankruptcy
Code;

B. Authorizing the Debtor to pay: 1) the reimbursement of ordinary course prepetition
employment business expenses in accordance with company policy, and 2) the
payment of benefit obligations including worker's compensation, medical, dental, life
insurance, disability insurance, and miscellaneous other benefits incurred and payable
in the ordinary course;

C. Authorizing the Debtor to honor all prepetition vacation pay, sick leave, holiday pay,
jury duty pay, and other paid leave claims in the ordinary course;

D. Authorizing the Debtor to retain its prepetition payroll account(s) for 30 days and
directing the bank or other financial institution not or otherwise impair the Debtor's
ability to deposit funds into and to withdraw funds from said account(s);

E. Authorizing the Debtor to take all actions reasonable and necessary to comply with its
obligations to its existing payroll services;

F. The entry of an order (i) directing all banks to honor the Debtor's prepetition checks
for payment of any of the foregoing, and (ii) prohibiting all banks from placing any
holds on, or attempting to reverse, any automatic transfers on account of the
foregoing; and

G. Such additional relief as the Court deems just and proper.

2

1    This Motion is based upon the appended Declaration of Christopher Clarke, the points and

2  authorities in support thereof annexed hereto, and upon such other additional evidence, oral or

3  documentary, that the Court may consider prior to or at the time of the hearing on the Motion.

4  DATED:  February 3 , 2017                    PAMELA JAN ZYLSTRA
                                               A PROFESSIONAL CORPORATION
5

6

7  By: _____

8      Pamela J. Zylstra
       Proposed Attorneys for Clarke Project Solutions, Inc.
9      Debtor and Debtor-in-Possession

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**GROUNDS FOR EMERGENCY RELIEF**

The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on February 2, 2017 (the "Petition Date").  The case was filed to stop aggressive collection actions by the disputed creditor, Cumming Construction Management, Inc., ("Cumming") which operates business under the guise of and in the name of the Debtor.  The Debtor asserts that Cumming holds no valid claim(s) against the Debtor and that Cumming holds no valid interest in the cash collateral or other collateral in this case.  The Debtor filed concurrently herewith a motion requesting authority to use cash collateral on an interim basis to facilitate the Debtor's ability to pay its payroll obligations and post-petition accounts payable in an orderly fashion as they are incurred in the ordinary course of the Debtor's business post-petition.

The Debtor is requesting authority to fund the prepetition payroll for services rendered by employees of the Debtor from January 20, 2017 through February 3, 2017.  Employees of the Debtor are paid every two weeks and the estimated amount of each payroll, including taxes, is $130,000.00. The payroll is scheduled for payment primarily by direct deposit for approximately 42 employees on February 10, 2017.

The Debtor is in the business of providing labor under government contracts.  If the Debtor's employees are not paid, they will cease working and seek employment elsewhere.  Any such disruption would have a devastating effect upon the Debtor's business and its reputation in the government contracting market.  In contrast, if the Debtor obtains the relief sought herein, the business operation will continue in the ordinary course, customer needs will be met, and the overall value of the Debtor's business enterprise will be preserved for creditors.

It is essential that the Debtor pay its employees timely for all services rendered.  The Debtor seeks to operate its business in an orderly fashion post-petition, paying its employees in the ordinary course of business as well as its post-petition accounts payable.  The Debtor's ability to continue in business depends on its retention of all employees.  The single most important factor in the retention of employees is timely payment of compensation.  The Debtor requests a hearing on the Motion on

4

1   an emergency basis so that all employees will be paid timely on February 10, 2017, just eight days

2   after the commencement of this case.

3          Procedural authorization for an emergency hearing on this emergency motion is found in

4   Rule 9006[1] of the Federal Rules of Bankruptcy Procedure, and in Local Bankruptcy Rule 9075-1.[2]

5   As discussed herein and as set forth in the supporting Clarke Declaration, the Debtor respectfully

6   submits that, on the facts of this case, emergency relief is both necessary and appropriate.

7                                            **II.**

8                                **STATEMENT OF FACTS**

9          The Debtor is a disabled veteran small business enterprise that has been operating since 2004.

10  A specific percentage of government contracts are set aside exclusively for performance by qualified

11  small business enterprises (the "Set Aside Programs").  The Set Aside Programs require all bid

12  proposals to include goods and/or services supplied by small business enterprises that qualify as:

13  1) women owned; 2) minority owned; 3) Native American owned; and 4) service disabled veteran

14  owned.

15         The Debtor was originally created to bid for and perform cost management and cost estimating

16  services under government contracts.  Cost estimating contracts may be directly between the Debtor and

17  government entities, such as the Department of Defense.  Alternatively, the Debtor may serve as a

18  subcontractor for cost estimating services under a contract bid by an architectural or engineering firm

19  that has a direct contract with a government entity.  The Debtor employs two full-time cost estimators.

20  In 2016, the Debtor provided cost estimating services under 25 contracts that generated about eight

21  percent (8.0%) of its business, representing revenue of approximately $317,000.00.  *See*, Clarke

22  Declaration at ¶9.

23

24

---

25  [1] Bankruptcy Rule 9006(c) provides, in pertinent part:
    "when an act is required or allowed to be done at or within a specified time by these rules or be a notice given

26  thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or
    notice *order the period reduced.*"

27  [2] Rule 9075-1(a) and (b) of the Local Bankruptcy Rules for the Central District of California provides for
    hearings on an emergency basis or, alternatively, on notice shorter than would otherwise be required under the

28  Local Bankruptcy Rules.

The principal and sole owner of the Debtor, Christopher Clarke ("Clarke"), began developing facilities management business in 2010.  The management of government facilities requires hiring employees and staffing desks in government buildings to perform property management functions.  Under a facilities management contract, the Debtor hires employees to perform tasks identified by the contract, pays the employees, and then submits an invoice for reimbursement of the employee wages, costs of administration and an agreed percentage profit margin.  In 2016, the Debtor employed about 35 people to provide facilities management services under numerous contracts directly with the government and as a subcontractor.  The facilities management contracts generated about 90% of the Debtor's business, representing revenue in 2016 of approximately $3.8 million.  *See*, Clarke Declaration at ¶10.

Cumming Construction Management, Inc. ("Cumming") asserts claims against the Debtor in excess of $500,000.00.  From 2004 through 2015, Cumming performed all management, administrative, accounting, financing and other business functions of the Debtor with employees of Cumming and without participation by Christopher Clarke, the principal of the Debtor.  Cumming: a) developed substantially all the business, b) negotiated the terms of all contracts; c) negotiated the terms of payments  made to Clarke and to Cumming for profit etc.; d) set the terms of payment by the Debtor to Cumming for expenses, etc.; e)  decided when to change agreements between Cumming and the Debtor regarding operations and funding and employed Cumming's lawyers to draft the agreements; f)  changed the ownership of the shares of the Debtor; g) cancelled the Sub-Chapter S tax status elected by the Debtor; and h) set all terms for the business relationship between Cumming and the Debtor.  Cumming has been and continues to represent itself in the government contract marketplace as Clarke Project Solutions, Inc., a disabled veteran small business enterprise, and continues to provide cost management and cost estimating services under contracts in that name.

The case was filed to stop aggressive collection actions by the disputed creditor, Cumming Construction Management, Inc., ("Cumming") which operates business under the guise of and in the name of the Debtor.  The Debtor asserts that Cumming holds no valid claim(s) against the Debtor and that Cumming holds no valid interest in the cash collateral or other collateral in this case.

### III.

### **RELIEF REQUESTED**

The Debtor requests Court authority to pay the pre-petition wage related obligations and honor their employee related pre-petition benefits. These obligations include prepetition payroll, wages, salaries, federal, state and local payroll taxes, deductions and withholdings, payroll deductions relating to various benefits, reimbursement of business expenses, and miscellaneous other claims asserted by current employees (including, without limitation, worker's compensation, medical, dental, life insurance, and disability insurance) (collectively, the "Prepetition Compensation"). These benefits include vacation pay, sick leave, holiday pay, jury duty pay, and other paid leave ("Benefits").

The pre-petition wages component of the Prepetition Compensation that is payable on February 10, 2017 will be approximately $129,400.10[1]. The payroll for the Employees is paid in arrears every two weeks. Payroll is due on February 10, 2017 for pre-petition wages for the period January 27, 2017 through February 3, 2017. Attached to the Declaration of Christopher Clarke as Exhibit "1" is the payroll register for the Debtor's employees reflecting the payroll amount paid every two weeks for each. The names of employees and all personal identification information has been redacted. Exhibit 1 reflects the payroll amounts, including taxes and benefits, paid to employees on January 27, 2017. Therefore, the estimated payroll, payroll tax, and benefit amounts due on February 10, 2017 for pre-petition wages for the period January 27, 2017 through February 3, 2017 would be approximately the amount shown on Exhibit "1".

The Prepetition Compensation amounts include compensation to the two insiders in this case, but no payments will be made to the insiders until the Debtors' post-petition compensation is authorized to be paid pursuant to the U.S. Trustee Guidelines. Furthermore, the payroll checks paid pursuant to this motion will not exceed the $12,850 wage priority limit provided for in Section 507 of the Bankruptcy Code.

---

[1] This number is based on the prior period's actual payroll paid on January 27, 2017, which the Debtor believes will approximate the current period payroll.

7

1   The Debtor also seeks an order authorizing the Debtors to retain its prepetition payroll

2   account(s) for a period of 30 days and directing the bank or other financial institution not to

3   otherwise impair the Debtors ability to deposit funds into and to withdraw funds from said

4   account(s), and authorizing the Debtors to take all actions reasonable and necessary to comply with

5   its obligations to its existing payroll service, Telepayroll, Inc., and the entry of an order (i) directing

6   all banks to honor the Debtor's prepetition checks for payment of any of the foregoing, and

7   (ii) prohibiting all banks from placing any holds on, or attempting to reverse, any automatic transfers

8   on account of the foregoing.  Because the payroll accounts serve a very limited purpose, the Debtors

9   desire to retain these accounts during the case for thirty (30) days after the Petition Date.  Because

10  these are limited purpose accounts, the retention of these accounts for this limited period will not

11  have any adverse impact upon the interests of creditors, since no pre-petition claims will be paid

12  from these accounts except to the extent authorized in this Motion, or otherwise, by this Court.

13  <div align="center">**IV.**</div>

14  <div align="center">**CAUSE EXISTS TO AUTHORIZE THE DEBTOR**</div>

15  <div align="center">**TO PAY PRE-PETITION PAYROLL**</div>

16  **A.      The Court May Authorize Payment of Pre-Petition Payroll and Honoring of**

17  **Benefits.**

18  Bankruptcy Code section 507(a)(4) gives priority status to allowed unsecured claims for

19  wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an

20  individual within 180 days of the Petition Date, up to $10,950 per individual.  Specifically,

21  section 507(a)(4) provides in pertinent part:

22      (a) The following expenses and claims have priority in the following order:  ...
        (4) Fourth, allowed unsecured claims, but only to the extent of $12,850 for each
23      individual or corporation, as the case may be, earned within 180 days before the
        date of the filing of the petition or the date of the cessation of the debtor's
24      business, whichever occurs first, for--
        (A) wages, salaries, or commissions, including vacation, severance, and sick leave
25      pay earned by an individual; . . . .

26  11 U.S.C. § 507(a)(4).

27

28

1    Courts have consistently authorized the payment of pre-petition priority wages and

2  other debt in the absence of a plan of reorganization, where such payments create "the

3  greatest likelihood of payment of creditors in full or at least proportionately."[1]

4    As stated by the Ninth Circuit in In re Adams Apple, Inc., 829 F.2d 1484 (9th Cir.

5  1987):

6        [A]nother "fundamental tenet"--rehabilitation of debtors, which may supersede

7        the policy of equal treatment. Cases have permitted unequal treatment of

8        prepetition debts when necessary for rehabilitation, in such contexts as (i)

9        prepetition wages to key employees; (ii) hospital malpractice premiums incurred

10       prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and

11       (iv) peripheral benefits under labor contracts. See Ordin, Case Comment, In re

12       Texlon Corporation, 596 F.2d 1092 (2d Cir.1979): Finality of Order of

13       Bankruptcy Court, 54 Amer.Bankr.L.J. 173, 177 (1980). … [I]t illustrates a

14       Congressional willingness to subordinate the interests of pre-petition creditors to

15       the goal of rehabilitation.

16  Adams Apple, 829 F.2d at 1490.

17    Courts have also authorized Chapter 11 debtors to honor pre-petition employee benefits.

18  See Matter of Canton Casting, Inc., 103 B.R. 874 (Bankr.N.D.Ohio 1989) (authorizing payment

19  of pre-petition vacation benefits); In re Busy Beaver Bldg. Centers, Inc., 19 F.3d 833, 853 (3rd

20  Cir. 1994) ("the bankruptcy court entered numerous interim orders …authorizing … the payment

21  of pre-petition wages and employee benefits…"); In re Chateaugay Corp., 80 B.R. 279, 281

22  (S.D.N.Y. 1987) ("Judge Lifland. upon application of LTV, issued an order authorizing and

23  empowering LTV to continue payment of pre-petition wages and salaries, employee

24  reimbursement expenses, and benefits.").

---

26  [1] See Matter of Columbia Gas, 171 B.R. 189. 191-92 (Bankr. D. Del. 1994); In re Lehigh & New England Ry. Co., 657

27  F. 2d 570, 581 (3rd Cir. 1981); Ionosphere Club, 98 B.R. 175 (Bankr. S.D.N.Y. 1989); In re Structurlite Plastics Corp.,
    (Structurlite I) 86 Bankr. 922, 932 (Bankr. S.D. Ohio 1988), citing In re Chateaugay Corp., 80 Bankr. 279, 287
    (S.D.N.Y. 1987); In re Columbia Packing Co., 35 B.R. 447 (Bankr. D. Mass. 1983). Collier on Bankruptcy - 15th ed.

28  Revised, ¶ 507.05[1] (2000).

1    As set forth above, Section 507(a)(4) affords priority status to unsecured claims for wages,

2    salaries or commissions, including vacation, severance, and sick leave pay earned by an individual

3    within 180 days before the filing of a bankruptcy petition to the extent of $12,850 for each such

4    individual.  For a number of reasons, the Bankruptcy Code affords special treatment to certain pre-

5    petition claims of employees.  Wages are priority claims, and thus must be paid in full in a

6    reorganization case.  The ability to ensure that the employees receive their unpaid pre-petition salary

7    and do not miss a paycheck is critical to obtaining the stability necessary for a successful

8    reorganization, which benefits all creditors.  Compared with a typical claim in bankruptcy, wages

9    represent a large part of an employee's wealth.  In addition, unlike an ordinary trade creditor, the

10   typical employee does not have other sources of income and, thus, cannot diversify the risk of the

11   employer's default.  Therefore, this Court has authority to allow the Debtors to pay certain pre-

12   petition claims.

13   In the within case, as more particularly set forth in the Clarke Declaration, ample cause exists

14   justifying payment of the pre-petition period wages.  The Debtor provides facilities management

15   services under government contracts for locations nationwide.  If the Debtor was prohibited from

16   paying prepetition payroll, it would likely result in disruption of government services in multiple

17   locations.  If the Debtor fails to provide services under those contracts, there may be substantial

18   administrative damage claims for breach of the various facilities management contracts.  As

19   evidenced by the Clarke Declaration, the maximization of the value of the Debtor is contingent upon

20   the continued operation of the Debtor's government contracting business.  Since the loss of any

21   employee at this critical juncture could materially damage the Debtor's business operations, and

22   consequently the value of the overall business enterprise, compelling grounds exist for the entry of

23   an order authorizing the Debtor to pay and/or honor the pre-petition employee wages and

24   compensation in the amounts established by the Clarke Declaration.  See, Clarke Declaration, ¶11.

25   The payroll register listing the Debtor's employees, and the wages paid to each employee for

26   the most recent pay period ending on January 20, 2017 and paid on January 37, 2017is attached to

27   the Clarke Declaration as Exhibit "1".  The payroll register is the best estimate of the anticipated

28   wages, taxes and benefits that will be due and payable to employees of the Debtor on February 10,

1  2017 for the pay period ending February 3, 2017.  The estimated amount of payroll due February 10,

2  2017, including taxes, is $130,000.00.

3          It is critical that the Debtor continue, in the ordinary course, those personnel policies that

4  were in effect prior to the Petition Date.  If the checks issued by a payroll service such as

5  Telepayroll, Inc. in payment of any of the compensation or other employee obligations are

6  dishonored, or if such obligations are not timely paid postpetition, the employees may suffer extreme

7  personal hardship and may be unable to pay their daily living expenses.  A loss of employee morale

8  and goodwill at this crucial juncture would undermine the Debtor's stability, and undoubtedly would

9  have a negative effect on the Debtor, its customers, the value of the business, and the ability to

10  achieve the Debtor's objectives in chapter 11.  As noted by the court in In re Equalnet

11  Communications Corp., 258 B.R. 368 (Bankr. S.D. Tex. 2000), "the need to pay [pre-petition

12  employee wage claims] in an ordinary course of business time frame is simple common sense.

13  Employees are more likely to stay in place and to refrain from actions which could be detrimental to

14  the case and/or the estate if their pay and benefits remain intact and uninterrupted." Id. at 370.

15          Nothing in this Motion nor any payments made by the Debtor pursuant to this Motion, shall

16  be deemed an assumption or rejection of any employee benefit plan, employment agreement, other

17  program or contract, or otherwise affect the Debtor's rights under section 365 the Bankruptcy Code

18  to assume or reject any executory contract between the Debtor and any employee or any payroll

19  service.

20          The Debtor believes that, unless the Court allows the payments requested herein to its

21  employees, the disruption to the employees and business practices would substantially jeopardize the

22  Debtor's ability to reorganize its financial affairs.

23      **B.**      **All the Cash Payments in Question Represent Payment of Priority Claims.**

24          All the payments in question constitute priority claims pursuant to Sections 507(a)(4) and

25  (a)(5) of the Bankruptcy Code, and are therefore more likely to be paid in any event.  The Debtor is

26  unable to determine whether all vacation, severance and sick leave pay was earned by employees

27  within 180 days of the Petition Date or whether contributions to employee benefit plans arise from

28

1  services rendered within 180 days of the Petition Date.  However, none of the payroll checks will

2  exceed this limit.

3      Since all priority payments must be made eventually before general unsecured claims can be

4  paid, the Courts often permit the payment of pre-petition wages so that the debtor-in-possession may

5  maintain an effective workforce, especially where the amount of the payment is relatively small and

6  where it appears that the wages being paid would ultimately qualify as priority claims.  *In re Quality*

7  *Interiors, Inc., supra,* at 396, citing 11 U.S.C. §507.  The Debtor believes that all the subject pre-

8  petition wages, as well as claims for vacation and sick leave benefits and other related benefits,

9  constitute priority claims pursuant to the provisions of Sections 507(a)(4) and (a)(5), which will be

10  paid by the Debtor in any event.  Consequently, there is ample authority and legal justification for

11  authorizing the Debtor to honor its wage and benefit commitments to current employees to the extent

12  that they constitute pre-petition obligations, as they are relatively small amounts and likely within

13  priority limits in any event.

14  <center>**VI.**</center>

15  <center>**CONCLUSION**</center>

16      Based upon the foregoing, the Debtor requests that this Court grant the relief herein

17  requested.

18  DATED:  February _3_, 2017                PAMELA JAN ZYLSTRA
19                                            A PROFESSIONAL CORPORATION

20

21                                            By: _Pamela J. Zylstra_
22                                            Pamela J. Zylstra
23                                            Proposed Attorneys for Clarke Project Solutions, Inc.
                                              Debtor and Debtor-in-Possession

24

25

26

27

28

## DECLARATION OF CHRISTOPHER CLARKE

I, Christopher Clarke, declare and state as follows:

1.   Oath. I am the CEO of CLARKE PROJECT SOLUTIONS, INC., a California corporation, fka CUMMING CLARKE (the "Debtor") and have served in that capacity since 2015. Prior to that time, I was an employee of the Debtor from 2010 through 2014 but had no managerial authority or input. As a part of my responsibilities as CEO of the Debtor, I oversee the preparation of the Debtor's books and records which occur in the ordinary course of the business of the Debtor at or about the time of the transactions to which they pertain. I am personally responsible for the overseeing the maintenance and custody of the books and records of account of the Debtor and personally participated in the preparation of the financial materials described below and attached to this declaration. The matters stated herein are true and correct and are within my personal knowledge, and if called upon to testify as a witness, I could and would testify competently thereto.

2.   Service Disabled Veteran Small Business. I was a member of the Armed Forces and served in combat in the Vietnam War. I am certified with a 30% service connected disability and qualify under Federal and state regulations as a "service disabled veteran". The Debtor is a disabled veteran small business enterprise that has been operating since 2004. A specific percentage of government contracts are set aside exclusively for performance by qualified small business enterprises (the "Set Aside Programs"). The Set Aside Programs require all bid proposals to include goods and/or services supplied by small business enterprises that qualify as: 1) women owned; 2) minority owned; 3) Native American owned; and 4) service disabled veteran owned.

3.   Reason for Filing Case. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on February 2, 2017 (the "Petition Date"). The case was filed to stop aggressive collection actions by the disputed creditor, Cumming Construction Management, Inc., ("Cumming") which operates business under the guise of and in the name of the Debtor. The Debtor asserts that Cumming holds no valid claim(s) against the Debtor and that Cumming holds no valid interest in the cash collateral or other collateral in this case. The Debtor filed concurrently herewith a motion requesting authority to use cash collateral on an interim basis to facilitate the

1    Debtor's ability to pay its payroll obligations and post-petition accounts payable in an orderly

2    fashion as they are incurred in the ordinary course of the Debtor's business post-petition.

3        4.    <u>Payroll and Benefits</u>.  The Debtor requests Court authority to pay the pre-petition

4    wage related obligations and honor the employee related pre-petition benefits.  These obligations

5    include prepetition payroll, wages, salaries, federal, state and local payroll taxes, deductions and

6    withholdings, payroll deductions relating to various benefits, reimbursement of business expenses,

7    and miscellaneous other claims asserted by current employees (including, without limitation,

8    worker's compensation, medical, dental, life insurance, and disability insurance) (collectively, the

9    "Prepetition Compensation").  These benefits include vacation pay, sick leave, holiday pay, jury

10   duty pay, and other paid leave ("Benefits").

11       5.    <u>Payroll Register</u>.  The pre-petition wages component of the Prepetition Compensation

12   that is payable on February 10, 2017 will be approximately $129,400.10, based on the most recent

13   payroll amount paid on January 27, 2017.  The payroll for the Employees is paid in arrears every two

14   weeks.  Payroll is due on February 10, 2017 for pre-petition wages for the period January 27, 2017

15   through February 3, 2017.  A true and correct copy of the payroll register for the Debtor's employees

16   reflecting the payroll amount paid every two weeks for each is attached as Exhibit 1.  The payroll

17   register reflects the payroll amounts, including taxes and benefits, paid to employees on January 27,

18   2017.  The names of employees and all personal identification information has been redacted from

19   the payroll register.  The estimated payroll, payroll tax, and benefit amounts due on February 10,

20   2017 for pre-petition wages for the period January 27, 2017 through February 3, 2017 would be

21   approximately $129,400.10 as shown on Exhibit "1".  Each payroll check included in the payroll

22   checks to be paid pursuant to this motion will not exceed the $12,850 wage priority limit provided

23   for in Section 507 of the Bankruptcy Code.

24       6.    <u>Failure to Pay Payroll Is Hardship For Employees</u>.  It is critical that the Debtor

25   continue, in the ordinary course, those personnel policies that were in effect prior to the Petition

26   Date.  If the checks issued by a payroll service such as Telepayroll, Inc. in payment of any of the

27   compensation or other employee obligations are dishonored, or if such obligations are not timely

28   paid postpetition, the employees may suffer extreme personal hardship and may be unable to pay

1    their daily living expenses.  A loss of employee morale and goodwill at this crucial juncture would

2    undermine the Debtor's stability, and undoubtedly would have a negative effect on the Debtor, its

3    customers, the value of the business, and the ability to achieve the Debtor's objectives in chapter 11.

4        7.    Compensation of Insiders.  The Prepetition Compensation amounts include

5    compensation to the two insiders in this case, but no payments will be made to the insides until the

6    post-petition compensation is authorized to be paid to insiders pursuant to the U.S. Trustee

7    Guidelines.  Furthermore, the payroll checks paid pursuant to this motion will not exceed the

8    $12,850 wage priority limit provided for in Section 507 of the Bankruptcy Code.

9        8.    Preservation of Labor Force.  The Debtor is in the business of providing labor under

10   government contracts.  If the Debtor's employees are not paid, they will cease working and seek

11   employment elsewhere.  Any such disruption would have a devastating effect upon the Debtor's

12   business and its reputation in the government contracting market.  In contrast, if the Debtor obtains

13   the relief sought herein, the business operation will continue in the ordinary course, customer needs

14   will be met, and the overall value of the Debtor's business enterprise will be preserved for creditors.

15       9.    Cost Estimating Business.  The Debtor was originally created to bid for and perform

16   cost management and cost estimating services under government contracts.  Cost estimating contracts

17   may be directly between the Debtor and government entities, such as the Department of Defense.

18   Alternatively, the Debtor may serve as a subcontractor for cost estimating services under a contract bid

19   by an architectural or engineering firm that has a direct contract with a government entity.  The Debtor

20   employs two full-time cost estimators.  In 2016, the Debtor provided cost estimating services under two

21   contracts that generated about eight percent (8.0%) of its business. representing revenue of

22   approximately $317,000.00.

23       10.   Facilities Management Business. I am the sole owner of the Debtor and I began

24   developing facilities management business in 2010.  The management of government facilities requires

25   hiring employees and staffing desks in government buildings to perform property management

26   functions.  Under a facilities management contract, the Debtor hires employees to perform tasks

27   identified by the contract, pays the employees, and then submits an invoice for reimbursement of the

28   employee wages, costs of administration and an agreed percentage profit margin.  In 2016, the Debtor

1   employed about 35 people to provide facilities management services under numerous contracts directly

2   with the government and as a subcontractor.  The facilities management contracts generated about 90%

3   of the Debtor's business, representing revenue in 2016 of approximately $3.8 million.

4         11.    <u>Disruption of Government Contracts</u>.  The Debtor provides facilities management

5   services under government contracts for locations nationwide.  If the Debtor was prohibited from

6   paying prepetition payroll, it would likely result in disruption of government services in multiple

7   locations.  If the Debtor fails to provide services under those contracts, there may be substantial

8   administrative damage claims for breach of the various facilities management contracts.  Protecting

9   and maximizing the value of the Debtor is contingent upon the continued operation of the Debtor's

10   government contracting business.

11         12.    <u>Disputed Creditor Cumming</u>.  Cumming Construction Management, Inc. ("Cumming")

12   asserts claims against the Debtor in excess of $500,000.00.  From 2004 through 2015, Cumming

13   performed all management, administrative, accounting, financing and other business functions of the

14   Debtor with employees of Cumming and without my participation.  Cumming: a) developed

15   substantially all the business, b) negotiated the terms of all contracts; c) negotiated the terms of

16   payments  made to Clarke and to Cumming for profit etc.; d) set the terms of payment by the Debtor to

17   Cumming for expenses, etc.; e)  decided when to change agreements between Cumming and the Debtor

18   regarding operations and funding and employed Cumming's lawyers to draft the agreements;

19   f)  changed the ownership of the shares of the Debtor; g) cancelled the Sub-Chapter S tax status elected

20   by the Debtor; and h) set all terms for the business relationship between Cumming and the Debtor.

21   Cumming has been and continues to represent itself in the government contract marketplace as Clarke

22   Project Solutions, Inc., a disabled veteran small business enterprise, and continues to provide cost

23   management and cost estimating services under contracts in that name.

24         13.    <u>Maintain Payroll Deposit Account</u>. The Debtor requests authority to retain its

25   prepetition payroll account(s) for a period of 30 days and an order directing the bank or other

26   financial institution not to otherwise impair the Debtor's ability to deposit funds into and to

27   withdraw funds from said account(s), and authorizing the Debtors to take all actions reasonable and

28   necessary to comply with its obligations to its existing payroll service, Telepayroll, Inc.. and the

EXHIBIT 1

## #4705 Clarke Project Solutions, Inc.

| Payroll Register With Year To Date (S109) | |
|---|---|
| Check Date : | 01/27/2017-1 |
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

**Employee Name** — XXX-XX-XXXX-

| Earnings Description | Rate of Pay | Current Hours | Current Amount | YTD Hours | YTD Amount | Deductions Description | Frequency / Current Amount | YTD Amount | Taxes Description | Current Amount | YTD Amount | Check Date | Check Type | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 Regular | 0.00 | 59.00 | 0.00 | 121.00 | 0.00 | Salary 2461.54 | Bi-Weekly | | Check Number -99997072 Memo | | | 01/27/2017 | Regular | 0.00 |
| 04 Holiday | 0.00 | 17.00 | 0.00 | 35.00 | 0.00 | 20 Direct Deposit C+ | 1,034.27 | 2,068.54 | Federal (S/0) | 429.38 | 858.76 | | | |
| 06 PTO | 0.00 | 4.00 | 0.00 | 4.00 | 0.00 | 21 Direct Deposit Sa | 20.00 | 40.00 | OASDI | 152.62 | 305.24 | | | |
| 07 Salary | 0.00 | 0.00 | 2,461.54 | 0.00 | 4,923.08 | 22 2nd Direct Depos | 600.00 | 1,200.00 | Medicare | 35.69 | 71.38 | | | |
| | | | | | | | | | State MD (14/0) | 189.58 | 379.16 | | | |
| Check Totals: | | 80.00 | 2,461.54 | 160.00 | 4,923.08 | | 1,654.27 | 3,308.54 | | 807.27 | 1,614.54 | | | |

**Employee Name**

| Earnings Description | Rate of Pay | Current Hours | Current Amount | YTD Hours | YTD Amount | Deductions Description | Frequency / Current Amount | YTD Amount | Taxes Description | Current Amount | YTD Amount | Check Date | Check Type | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 Regular | 0.00 | 73.00 | 0.00 | 138.50 | 0.00 | Salary 3615.38 | Bi-Weekly | | Check Number -99997071 Memo | | | 01/27/2017 | Regular | 0.00 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 11 Phone Reimburs | -75.00 | -75.00 | Federal (M/3) | 386.44 | 772.88 | | | |
| 07 Salary | 0.00 | 0.00 | 3,615.38 | 0.00 | 7,230.76 | 20 Direct Deposit C+ | 2,852.92 | 5,630.84 | OASDI | 224.15 | 448.30 | | | |
| | | | | | | | | | Medicare | 52.42 | 104.84 | | | |
| | | | | | | | | | State PA (SM/3) | 110.99 | 221.98 | | | |
| | | | | | | | | | East Berlin Boro LST | 2.00 | 4.00 | | | |
| | | | | | | | | | East Berlin Boro Res | 61.46 | 122.92 | | | |
| Check Totals: | | 81.00 | 3,615.38 | 162.50 | 7,230.76 | | 2,777.92 | 5,555.84 | | 837.46 | 1,674.92 | | | |

**Employee Name**

| Earnings Description | Rate of Pay | Current Hours | Current Amount | YTD Hours | YTD Amount | Deductions Description | Frequency / Current Amount | YTD Amount | Taxes Description | Current Amount | YTD Amount | Check Date | Check Type | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 Regular | 0.00 | 48.00 | 0.00 | 112.00 | 0.00 | Salary 2346.15 | Bi-Weekly | | Check Number -99997070 Memo | | | 01/27/2017 | Regular | 0.00 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 20 Direct Deposit C+ | 1,763.39 | 3,525.87 | Federal (S/0) | 400.53 | 801.06 | | | |
| 06 PTO | 0.00 | 24.00 | 0.00 | 24.00 | 0.00 | | | | OASDI | 145.46 | 290.92 | | | |
| 07 Salary | 0.00 | 0.00 | 2,346.15 | 0.00 | 4,692.30 | | | | Medicare | 34.02 | 68.04 | | | |
| | | | | | | | | | EE Washington L&I | 2.75 | 6.41 | | | |
| Check Totals: | | 80.00 | 2,346.15 | 160.00 | 4,692.30 | | 1,763.39 | 3,525.87 | | 582.76 | 1,166.43 | | | |

**Employee Name**

| Earnings Description | Rate of Pay | Current Hours | Current Amount | YTD Hours | YTD Amount | Deductions Description | Frequency / Current Amount | YTD Amount | Taxes Description | Current Amount | YTD Amount | Check Date | Check Type | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 Regular | 0.00 | 72.00 | 0.00 | 120.00 | 0.00 | Salary 4356.92 | Bi-Weekly | | Check Number -99997069 Memo | | | 01/27/2017 | Regular | 0.00 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 20 Direct Deposit C+ | 3,185.61 | 6,371.22 | Federal (S/2) | 838.00 | 1,676.00 | | | |
| 06 PTO | 0.00 | 0.00 | 0.00 | 16.00 | 0.00 | | | | OASDI | 270.13 | 540.26 | | | |
| 07 Salary | 0.00 | 0.00 | 4,356.92 | 0.00 | 8,713.84 | | | | Medicare | 63.18 | 126.36 | | | |
| Check Totals: | | 80.00 | 4,356.92 | 160.00 | 8,713.84 | | 3,185.61 | 6,371.22 | | 1,171.31 | 2,342.62 | | | |

Exhibit 1
Page 18

**Telepayroll, Inc.**
phone: 800-442-4988
fax:    800-736-1555
e-mail: Taxfiling@Telepayroll.Com

Date Printed: 01/24/2017 1:25:08 PM

Page 1

# #4705 Clarke Project Solutions, Inc.

| Payroll Register With Year To Date (S109) | |
|---|---|
| Check Date : | 01/27/2017-1 |
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

| Earnings Description | Rate of Pay | Current Hours | Amount | Social Security Number Hours | YTD Amount | Salary Deductions Description | Frequency Current Amount | YTD Amount | Check Number Taxes Description | Check Date Current Amount | Check Type YTD Amount | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Employee Name | | | | | | 2230.77 | | | -99997068 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 56.00 | 0.00 | 120.00 | 0.00 | 03 Child Support | 343.57 | 687.14 | Federal (S/0) | 205.25 | | 576.93 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 10Child Support | 120.81 | 241.62 | OASDI | 97.03 | | 235.34 |
| 06 PTO | 0.00 | 16.00 | 0.00 | 16.00 | 0.00 | 20 Direct Deposit Ch | 614.27 | 1,584.59 | Medicare | 22.69 | | 55.04 |
| 07 Salary | 0.00 | 0.00 | 2,230.77 | 0.00 | 4,461.54 | 21 Direct Deposit Sa | 153.57 | 396.15 | AK-SUI (EE) | 7.83 | | 18.98 |
| | | | | | | 25 Medical 125 | 621.57 | 621.57 | | | | |
| | | | | | | 26 Dental 125 | 44.18 | 44.18 | | | | |
| Check Totals: | | 80.00 | 2,230.77 | 160.00 | 4,461.54 | | 1,897.97 | 3,575.25 | | 332.80 | | 886.29 |
| | | | | | | 3653.85 | Bi-Weekly | | -99997067 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 20 Direct Deposit Ch | 2,345.95 | 4,691.90 | Federal (S/0) | 778.38 | | 1,556.76 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 21 Direct Deposit Sa | 250.00 | 500.00 | OASDI | 226.54 | | 453.08 |
| 07 Salary | 0.00 | 0.00 | 3,653.85 | 0.00 | 7,307.70 | | | | Medicare | 52.98 | | 105.96 |
| Check Totals: | | 80.00 | 3,653.85 | 160.00 | 7,307.70 | | 2,595.95 | 5,191.90 | | 1,057.90 | | 2,115.80 |
| | | | | | | 3076.92 | Bi-Weekly | | -99997066 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 10 Reimbursement | 0.00 | -181.44 | Federal (M/1) | 402.40 | | 804.80 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 20 Direct Deposit Ch | 2,212.98 | 4,607.40 | OASDI | 190.77 | | 381.54 |
| 07 Salary | 0.00 | 0.00 | 3,076.92 | 0.00 | 6,153.84 | | | | Medicare | 44.62 | | 89.24 |
| | | | | | | | | | State GA (0B/0) | 226.15 | | 452.30 |
| Check Totals: | | 80.00 | 3,076.92 | 160.00 | 6,153.84 | | 2,212.98 | 4,425.96 | | 863.94 | | 1,727.88 |
| | | | | | | 1980.77 | Bi-Weekly | | -99997065 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 78.00 | 0.00 | 142.00 | 0.00 | 10 Reimbursement | -1,191.80 | -1,191.80 | Federal (S/2) | 293.80 | | 587.60 |
| 04 Holiday | 0.00 | 0.00 | 0.00 | 16.00 | 0.00 | 11 Phone Reimburs | -75.00 | -75.00 | OASDI | 138.31 | | 276.62 |
| 07 Salary | 0.00 | 0.00 | 2,230.77 | 0.00 | 4,461.54 | 12 Expense Reimb | -50.00 | -50.00 | Medicare | 32.35 | | 64.70 |
| | | | | | | 20 Direct Deposit Ch | 2,944.80 | 4,572.80 | State MD (2/2) | 138.31 | | 276.62 |
| Check Totals: | | 78.00 | 2,230.77 | 158.00 | 4,461.54 | | 1,628.00 | 3,256.00 | | 602.77 | | 1,205.54 |

Date Printed: 01/24/2017 1:25:09 PM

Telepayroll, Inc.
phone: 800-442-4988
fax:   800-736-1555
e-mail: Taxfiling@Telepayroll.Com

Page 2

Exhibit 1
Page 19

# #4705 Clarke Project Solutions, Inc.

**Payroll Register With Year To Date (S109)**

| Check Date : | 01/27/2017-1 |
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

Date Printed: 01/24/2017 1:25:09 PM

| Employee Name | | Social Security Number | | | Salary | Frequency | Check Number | | Check Date | Check Type | Net Check |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Earnings Description | Rate of Pay | Current Hours | Amount | YTD Hours | YTD Amount | Deductions Description | Current Amount | YTD Amount | Taxes Description | Current Amount | YTD Amount |

| | | | | | | 1807.69 | Bi-Weekly | -99997064 Memo | | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 64.00 | 0.00 | 126.75 | | 11 Phone Reimburs | 0.00 | Federal (M/0) | -50.00 | 185.38 | 370.76 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | | 20 Direct Deposit Ct | 0.00 | -50.00 | OASDI | 984.14 | 1,918.28 | 112.08 | 224.16 |
| 06 PTO | 0.00 | 8.00 | 0.00 | 8.00 | | 21 Direct Deposit Sa | 0.00 | Medicare | 500.00 | 1,000.00 | 26.21 | 52.42 |
| 07 Salary | 0.00 | 0.00 | 1,807.69 | 0.00 | 3,615.38 | | 3,615.38 | State CA (M/0) | | 33.61 | 67.22 |
| | | | | | | | | State CA EE SDI (M/0) | | 16.27 | 32.54 |
| Check Totals: | | 80.00 | 1,807.69 | 158.75 | 3,615.38 | | 1,434.14 | 2,868.28 | | 373.55 | 747.10 |

| | | | | | | 2500.00 | Bi-Weekly | -99997063 Memo | | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | | 20 Direct Deposit Ct | 0.00 | Federal (S/0) | 1,128.22 | 2,256.44 | 538.99 | 1,077.98 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | | 22 2nd Direct Depos | 0.00 | OASDI | 500.00 | 1,000.00 | 155.00 | 310.00 |
| 07 Salary | 0.00 | 0.00 | 2,500.00 | 0.00 | 5,000.00 | | 5,000.00 | Medicare | | 36.25 | 72.50 |
| | | | | | | | | State GA (0B/0) | | 141.54 | 283.08 |
| Check Totals: | | 80.00 | 2,500.00 | 160.00 | 5,000.00 | | 1,628.22 | 3,256.44 | | 871.78 | 1,743.56 |

| | | | | | | 3000.00 | Bi-Weekly | -99997062 Memo | | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 32.00 | 0.00 | 88.00 | | 20 Direct Deposit Ct | 0.00 | Federal (M/2) | 1,900.90 | 3,993.11 | 227.50 | 494.82 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | | | | OASDI | | 148.80 | 314.06 |
| 06 PTO | 0.00 | 24.00 | 0.00 | 24.00 | | | | Medicare | | 34.80 | 73.45 |
| 07 Salary | 0.00 | 0.00 | 2,400.00 | 0.00 | 5,065.44 | | 5,065.44 | State MO (M11) | | 88.00 | 190.00 |
| 08 Unpaid Time | | 16.00 | 0.00 | 24.00 | 0.00 | | | | | | |
| Check Totals: | | 80.00 | 2,400.00 | 160.00 | 5,065.44 | | 1,900.90 | 3,993.11 | | 499.10 | 1,072.33 |

**Clarke, Christopher A - 40 - XXX-XX-XXXX -**

| | | | | CA | CA | 3461.54 | Bi-Weekly | -99997061 Memo | | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 80.00 | 0.00 | 160.00 | | 10 Reimbursement | 0.00 | Federal (M/0) | -356.77 | 700.00 | 1,400.00 |
| 07 Salary | 0.00 | 0.00 | 3,461.54 | 0.00 | 6,923.08 | 20 Direct Deposit Ct | 6,923.08 | -356.77 | OASDI | 2,472.35 | 4,587.93 | 214.62 | 429.24 |
| | | | | | | | | Medicare | | 50.19 | 100.38 |
| | | | | | | | | State CA (M/0) | | 350.00 | 700.00 |
| | | | | | | | | State CA EE SDI (M/0) | | 31.15 | 62.30 |
| Check Totals: | | 80.00 | 3,461.54 | 160.00 | 6,923.08 | | 2,115.58 | 4,231.16 | | 1,345.96 | 2,691.92 |

Exhibit _1_

Page _20_

## #4705 Clarke Project Solutions, Inc.

### Payroll Register With Year To Date (S109)

| Check Date : | 01/27/2017-1 |
|---|---|
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

| Employee Name Earnings Description | Rate of Pay | Current Hours | Current Amount | Social Security Number YTD Hours | YTD Amount | Deductions Description | Salary Current Amount | Frequency YTD Amount | Check Number Taxes Description | Check Date Current Amount | Check Type YTD Amount | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | 3923.08 | Bi-Weekly | -99997060 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 84.50 | 0.00 | 121.50 | 0.00 | 20 Direct Deposit Ch | 2,997.69 | 5,998.92 | Federal (S/2) | 758.98 | | 1,517.96 |
| 04 Holiday | 0.00 | 0.00 | 0.00 | 16.00 | 0.00 | | | | OASDI | 252.63 | | 505.26 |
| 06 PTO | 0.00 | 0.00 | 0.00 | 28.00 | 0.00 | | | | Medicare | 59.08 | | 118.16 |
| 07 Salary | 0.00 | 0.00 | 3,923.08 | 0.00 | 7,846.16 | | | | EE Washington L&I | 6.30 | | 9.06 |
| 17 Ins Reimb Ta | 0.00 | 0.00 | 151.60 | 0.00 | 303.20 | | | | | | | |
| Check Totals: | | 84.50 | 4,074.68 | 165.50 | 8,149.36 | | 2,997.69 | 5,998.92 | | 1,076.99 | | 2,150.44 |
| | | | | | | | 2753.85 | Bi-Weekly | -99997059 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 20 Direct Deposit Ch | 1,645.30 | 3,321.95 | Federal (M/0) | 230.80 | | 468.11 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 26 Dental 125 | 43.37 | 43.37 | OASDI | 130.85 | | 264.39 |
| 07 Salary | 0.00 | 0.00 | 2,153.85 | 0.00 | 4,307.70 | | | | Medicare | 30.60 | | 61.83 |
| | | | | | | | | | State LA (0/) | 72.93 | | 148.05 |
| Check Totals: | | 80.00 | 2,153.85 | 160.00 | 4,307.70 | | 1,688.67 | 3,365.32 | | 465.18 | | 942.38 |
| | | | | | | | 3923.08 | Bi-Weekly | -99997058 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 120.00 | 0.00 | 20 Direct Deposit Ch | 2,655.70 | 5,313.77 | Federal (S/1) | 960.15 | | 1,920.30 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | OASDI | 243.23 | | 486.46 |
| 06 PTO | 0.00 | 0.00 | 0.00 | 16.00 | 0.00 | | | | Medicare | 56.88 | | 113.76 |
| 07 Salary | 0.00 | 0.00 | 3,923.08 | 0.00 | 7,846.16 | | | | EE Washington L&I | 7.12 | | 11.87 |
| Check Totals: | | 80.00 | 3,923.08 | 160.00 | 7,846.16 | | 2,655.70 | 5,313.77 | | 1,267.38 | | 2,532.39 |
| | | | | | | | 1923.08 | Bi-Weekly | -99997057 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 10 Reimbursement | -186.18 | -186.18 | Federal (S/1) | 255.82 | | 511.64 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 16.00 | 0.00 | 11 Phone Reimburs | -50.00 | -50.00 | OASDI | 119.23 | | 238.46 |
| 06 PTO | 0.00 | 8.00 | 0.00 | 8.00 | 0.00 | 20 Direct Deposit Ch | 1,556.33 | 2,876.48 | Medicare | 27.88 | | 55.76 |
| 07 Salary | 0.00 | 0.00 | 1,923.08 | 0.00 | 3,846.16 | 22 2nd Direct Depos | 200.00 | 400.00 | | | | |
| Check Totals: | | 80.00 | 1,923.08 | 160.00 | 3,846.16 | | 1,520.15 | 3,040.30 | | 402.93 | | 805.86 |

Exhibit ___1___
Page ___21___

**Telepayroll, Inc.**
phone:  800-442-4988
fax:    800-736-1555
e-mail:  Taxfiling@Telepayroll.Com

Date Printed:  01/24/2017 1:25:09 PM

Page 4

## #4705 Clarke Project Solutions, Inc.

**Payroll Register With Year To Date (S109)**

| | |
|---|---|
| Check Date : | 01/27/2017-1 |
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

| Earnings Description | Rate of Pay | Cur Hours | Cur Amount | YTD Hours | YTD Amount | Deductions Description | Freq | Cur Amount | YTD Amount | Taxes Description | Cur Amount | YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Salary 3230.77 | Bi-Weekly | | | -99997056 Memo / 01/27/2017 / Regular | | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 11 Phone Reimburs | | -75.00 | -75.00 | Federal (S/1) | 582.74 | 1,165.48 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 16.00 | 0.00 | 20 Direct Deposit Ck | | 2,425.87 | 4,776.74 | OASDI | 200.31 | 400.62 |
| 06 PTO | 0.00 | 8.00 | 0.00 | 8.00 | 0.00 | 21 Direct Deposit Sa | | 50.00 | 100.00 | Medicare | 46.85 | 93.70 |
| 07 Salary | 0.00 | 0.00 | 3,230.77 | 0.00 | 6,461.54 | | | | | | | |
| Check Totals: | | 80.00 | 3,230.77 | 160.00 | 6,461.54 | | | 2,400.87 | 4,801.74 | | 829.90 | 1,659.80 |
| | | | | | | Salary 3981.73 | Bi-Weekly | | | -99997055 Memo / 01/27/2017 / Regular | | 0.00 |
| 01 Regular | 0.00 | 64.00 | 0.00 | 128.00 | 0.00 | 20 Direct Deposit Ck | | 1,992.03 | 3,984.06 | Federal (M/0) | 1,384.47 | 2,768.94 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | | OASDI | 246.87 | 493.74 |
| 06 PTO | 0.00 | 8.00 | 0.00 | 8.00 | 0.00 | | | | | Medicare | 57.74 | 115.48 |
| 07 Salary | 0.00 | 0.00 | 3,981.73 | 0.00 | 7,963.46 | | | | | State KS (M/) | 300.62 | 601.24 |
| Check Totals: | | 80.00 | 3,981.73 | 160.00 | 7,963.46 | | | 1,992.03 | 3,984.06 | | 1,989.70 | 3,979.40 |
| | | | | | | Salary 1750.00 | Bi-Weekly | | | -99997054 Memo / 01/27/2017 / Regular | | 0.00 |
| 01 Regular | 0.00 | 49.00 | 0.00 | 113.00 | 0.00 | 20 Direct Deposit Ck | | 1,297.97 | 2,595.94 | Federal (S/0) | 251.49 | 502.98 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | | OASDI | 108.50 | 217.00 |
| 06 PTO | 0.00 | 23.00 | 0.00 | 23.00 | 0.00 | | | | | Medicare | 25.38 | 50.76 |
| 07 Salary | 0.00 | 0.00 | 1,750.00 | 0.00 | 3,500.00 | | | | | State AL (S/0) | 66.66 | 133.32 |
| Check Totals: | | 80.00 | 1,750.00 | 160.00 | 3,500.00 | | | 1,297.97 | 2,595.94 | | 452.03 | 904.06 |
| | | | | | | Salary 1800.00 | Bi-Weekly | | | -99997053 Memo / 01/27/2017 / Regular | | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 20 Direct Deposit Ck | | 1,446.34 | 2,892.68 | Federal (S/4) | 145.34 | 290.68 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | | OASDI | 111.60 | 223.20 |
| 07 Salary | 0.00 | 0.00 | 1,800.00 | 0.00 | 3,600.00 | | | | | Medicare | 26.10 | 52.20 |
| | | | | | | | | | | State AL (H/1) | 70.62 | 141.24 |
| Check Totals: | | 80.00 | 1,800.00 | 160.00 | 3,600.00 | | | 1,446.34 | 2,892.68 | | 353.66 | 707.32 |

Exhibit 1
Page 22

**Telepayroll, Inc.**
phone: 800-442-4988
fax:    800-736-1555
e-mail: Taxfiling@Telepayroll.Com

Date Printed: 01/24/2017 1:25:10 PM

Page 5

## #4705 Clarke Project Solutions, Inc.

**Payroll Register With Year To Date (S109)**

| Check Date : | 01/27/2017 |
|---|---|
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

| Employee Name | Rate of Pay | Current Hours | Current Amount | YTD Hours | YTD Amount | Deductions Description | Current Amount | Frequency YTD Amount | Check Number Taxes Description | Check Date Current Amount | Check Type | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Earnings Description | | | | Social Security Number | | Salary | | Frequency | | | | |
| | | | | | | | | | -99997052 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 103.00 | 0.00 | 172.00 | 0.00 | 20 Direct Deposit Ck | 2,307.69 | 4,145.28 | Federal (M/1) | 271.63 | | 543.26 |
| 04 Holiday | 0.00 | 0.00 | 0.00 | 16.00 | 0.00 | | | | OASDI | 157.38 | | 314.76 |
| 06 PTO | 0.00 | 0.00 | 0.00 | 8.00 | 0.00 | | | | Medicare | 36.81 | | 73.62 |
| 07 Salary | 0.00 | 0.00 | 2,307.69 | 0.00 | 4,615.38 | | | | | | | |
| 17 Ins Reimb Ta | 0.00 | 0.00 | 230.77 | 0.00 | 461.54 | | | | | | | |
| Check Totals: | | 103.00 | 2,538.46 | 196.00 | 5,076.92 | | 2,307.69 Salary | 2,072.64 Current | 4,145.28 | | 465.82 | | 931.64 |
| | | | | | | | | | -99997051 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 20 Direct Deposit Ck | 2,066.21 | 4,163.17 | Federal (M/0) | 447.46 | | 901.42 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 26 Dental 125 | 43.37 | 43.37 | OASDI | 179.07 | | 360.83 |
| 07 Salary | 0.00 | 0.00 | 2,931.54 | 0.00 | 5,863.08 | | | | Medicare | 41.88 | | 84.39 |
| | | | | | | | | | State NY (M) | 153.55 | | 309.90 |
| Check Totals: | | 80.00 | 2,931.54 | 160.00 | 5,863.08 | | 2,931.54 Salary | 2,109.58 Current | 4,206.54 | | 821.96 | | 1,656.54 |
| | | | | | | | | | -99997050 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 64.00 | 0.00 | 64.00 | 0.00 | 11 Phone Reimburs | -75.00 | -75.00 | Federal (M/0) | 550.58 | | 550.58 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 8.00 | 0.00 | 20 Direct Deposit Ck | 1,247.99 | 1,247.99 | OASDI | 238.46 | | 238.46 |
| 06 PTO | 0.00 | 8.00 | 0.00 | 8.00 | 0.00 | 22 2nd Direct Depos | 1,569.00 | 1,569.00 | Medicare | 55.77 | | 55.77 |
| 07 Salary | 0.00 | 0.00 | 3,846.15 | 0.00 | 3,846.15 | | | | State HI (M) | 259.35 | | 259.35 |
| Check Totals: | | 80.00 | 3,846.15 | 80.00 | 3,846.15 | | 3,846.15 Salary | 2,741.99 Current | 2,741.99 | | 1,104.16 | | 1,104.16 |
| | | | | | | | | | -99997049 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 20 Direct Deposit Ck | 2,493.60 | 5,013.52 | Federal (S/2) | 638.73 | | 1,288.30 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 26 Dental 125 | 43.37 | 43.37 | OASDI | 223.85 | | 450.39 |
| 07 Salary | 0.00 | 0.00 | 3,653.85 | 0.00 | 7,307.70 | | | | Medicare | 52.35 | | 105.33 |
| | | | | | | | | | State NY (S/0) | 201.95 | | 406.79 |
| Check Totals: | | 80.00 | 3,653.85 | 160.00 | 7,307.70 | | 3,653.85 Salary | 2,536.97 Current | 5,056.89 | | 1,116.88 | | 2,250.81 |

Exhibit __1__
Page __23__

**Telepayroll, Inc.**
phone: 800-442-4988
fax:    800-736-1555
e-mail: Taxfiling@Telepayroll.Com

Date Printed: 01/24/2017 1:25:10 PM

Page 6

## #4705 Clarke Project Solutions, Inc.

**Payroll Register With Year To Date (S109)**

| Check Date : | 01/27/2017-1 |
|---|---|
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

| Employee Name | | Social Security Number | | | Salary | | Frequency | | Check Number | Check Date | Check Type | Net Check |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Earnings Description | Rate of Pay | Current Hours | YTD Hours | YTD Amount | Deductions Description | Current Amount | | YTD Amount | Taxes Description | Current Amount | YTD Amount | YTD Amount |
| | | | | | | | | | -99997048 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 136.00 | 0.00 | 20 Direct Deposit Cr | 1,642.67 | Bi-Weekly | 3,285.34 | Federal (S/0) | 400.53 | 801.06 |
| 04 Holiday | 0.00 | 8.00 | 24.00 | 0.00 | | | | | OASDI | 145.46 | 290.92 |
| 07 Salary | 0.00 | 0.00 | 0.00 | 4,692.30 | | | | | Medicare | 34.02 | 68.04 |
| | | | | | | | | | State KY (S/0) | 123.47 | 246.94 |
| Check Totals: | | 80.00 | 160.00 | 4,692.30 | | 2346.15 | | | | 703.48 | 1,406.96 |
| | | | | | | | | | | 1,642.67 | 3,285.34 |
| | | | | | | | | | -99997047 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 104.00 | 0.00 | 20 Direct Deposit Cr | 1,764.07 | Bi-Weekly | 3,690.66 | Federal (S/0) | 424.23 | 911.30 |
| 04 Holiday | 0.00 | 8.00 | 24.00 | 0.00 | 25 Medical 125 | 207.19 | | 207.19 | OASDI | 151.34 | 318.26 |
| 06 PTO | 0.00 | 0.00 | 32.00 | 0.00 | 26 Dental 125 | 44.18 | | 44.18 | Medicare | 35.39 | 74.43 |
| 07 Salary | 0.00 | 0.00 | 0.00 | 5,384.62 | | | | | State AZ (O3/) | 65.91 | 138.60 |
| Check Totals: | | 80.00 | 160.00 | 5,384.62 | | 2692.31 | | 2,015.44 | | 676.87 | 1,442.59 |
| | | | | | | | | | | 2,692.31 | 3,942.03 |
| | | | | | | | | | -99997046 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 136.00 | 0.00 | 20 Direct Deposit Cr | 2,017.96 | Bi-Weekly | 4,035.92 | Federal (M/0) | 509.90 | 1,019.80 |
| 04 Holiday | 0.00 | 8.00 | 24.00 | 0.00 | | | | | OASDI | 184.21 | 368.42 |
| 07 Salary | 0.00 | 0.00 | 0.00 | 5,942.30 | | | | | Medicare | 43.08 | 86.16 |
| | | | | | | | | | State MO (M/0/0) | 216.00 | 432.00 |
| Check Totals: | | 80.00 | 160.00 | 5,942.30 | | 2971.15 | | 2,017.96 | | 953.19 | 1,906.38 |
| | | | | | | | | | | 2,971.15 | 4,035.92 |
| | | | | | | | | | -99997045 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 136.00 | 0.00 | 20 Direct Deposit Cr | 1,974.10 | Bi-Weekly | 3,948.20 | Federal (S/0) | 535.15 | 1,070.30 |
| 04 Holiday | 0.00 | 8.00 | 24.00 | 0.00 | | | | | OASDI | 178.85 | 357.70 |
| 07 Salary | 0.00 | 0.00 | 0.00 | 5,769.24 | | | | | Medicare | 41.83 | 83.66 |
| | | | | | | | | | State NY (S/0) | 154.69 | 309.38 |
| Check Totals: | | 80.00 | 160.00 | 5,769.24 | | 2884.62 | | 1,974.10 | | 910.52 | 1,821.04 |
| | | | | | | | | | | 2,884.62 | 3,948.20 |
| | | | | | | | | | -99997044 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 128.00 | 0.00 | 20 Direct Deposit Cr | 1,469.34 | Bi-Weekly | 2,938.68 | Federal (S/0) | 318.80 | 637.60 |
| 04 Holiday | 0.00 | 8.00 | 24.00 | 0.00 | | | | | OASDI | 125.19 | 250.38 |
| 06 PTO | 0.00 | 0.00 | 8.00 | 0.00 | | | | | Medicare | 29.28 | 58.56 |
| 07 Salary | 0.00 | 0.00 | 0.00 | 4,038.46 | | | | | State KS (S/0) | 76.62 | 153.24 |
| Check Totals: | | 80.00 | 160.00 | 4,038.46 | | 2019.23 | | 1,469.34 | | 549.89 | 1,099.78 |
| | | | | | | | | | | 2,019.23 | 2,938.68 |

**Telepayroll, Inc.**
phone: 800-442-4988
fax:    800-736-1555
e-mail: Taxfiling@Telepayroll.Com

Date Printed: 01/24/2017 1:25:11 PM

Page 7

Exhibit
24

# #4705 Clarke Project Solutions, Inc.

| Payroll Register With Year To Date (S109) | |
|---|---|
| Check Date : | 01/27/2017-1 |
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

| Employee Name | Rate of Pay | Current Hours | Social Security Number Amount | YTD Hours | YTD Amount | Deductions Description | Salary | Current Amount | Frequency | YTD Amount | Check Number Taxes Description | Check Date | Check Type Current Amount | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Earnings Description | | | | | | | | | | | -99997043 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 20 Direct Deposit Ch | 2153.85 | 1,649.03 | Bi-Weekly | 3,298.06 | Federal (M/0) | | 237.31 | 474.62 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | | | OASDI | | 133.54 | 267.08 |
| 07 Salary | 0.00 | 0.00 | 2,153.85 | 0.00 | 4,307.70 | | | | | | Medicare | | 31.23 | 62.46 |
| | | | | | | | | | | | State PA (SM0) | | 66.12 | 132.24 |
| | | | | | | | | | | | Cumberland TWP | | 36.62 | 73.24 |
| Check Totals: | | 80.00 | 2,153.85 | 160.00 | 4,307.70 | | | 1,649.03 | | 3,298.06 | | | 504.82 | 1,009.64 |
| | | | | | | | | | Bi-Weekly | | -99997042 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 104.00 | 0.00 | 20 Direct Deposit Ch | 4000.00 | 2,616.02 | | 5,257.34 | Federal (S/0) | | 813.15 | 1,638.45 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | 26 Dental 125 | | 43.37 | | 43.37 | OASDI | | 245.31 | 493.31 |
| 06 PTO | 0.00 | 0.00 | 0.00 | 32.00 | 0.00 | | | | | | Medicare | | 57.37 | 115.37 |
| 07 Salary | 0.00 | 0.00 | 4,000.00 | 0.00 | 8,000.00 | | | | | | State GA (0A/0) | | 224.78 | 452.16 |
| Check Totals: | | 80.00 | 4,000.00 | 160.00 | 8,000.00 | | | 2,659.39 | | 5,300.71 | | | 1,340.61 | 2,699.29 |
| | | | | | | | | | Bi-Weekly | | -99997041 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 20 Direct Deposit Ch | 2038.46 | 1,508.54 | | 3,017.08 | Federal (M/0) | | 220.00 | 440.00 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | | | OASDI | | 126.38 | 252.76 |
| 07 Salary | 0.00 | 0.00 | 2,038.46 | 0.00 | 4,076.92 | | | | | | Medicare | | 29.56 | 59.12 |
| | | | | | | | | | | | State MD (45/0) | | 153.98 | 307.96 |
| Check Totals: | | 80.00 | 2,038.46 | 160.00 | 4,076.92 | | | 1,508.54 | | 3,017.08 | | | 529.92 | 1,059.84 |
| | | | | | | | | | Bi-Weekly | | -99997040 Memo | 01/27/2017 | Regular | 0.00 |
| 01 Regular | 25.00 | 41.00 | 1,025.00 | 78.00 | 1,950.00 | 11 Phone Reimbur | 0.00 | -50.00 | | -50.00 | Federal (S/0) | | 122.55 | 260.10 |
| 04 Holiday | 0.00 | 0.00 | 0.00 | 8.00 | 200.00 | 20 Direct Deposit Ch | | 824.04 | | 1,675.43 | OASDI | | 63.55 | 133.30 |
| | | | | | | 21 Direct Deposit Sa | | 50.00 | | 100.00 | Medicare | | 14.86 | 31.17 |
| Check Totals: | | 41.00 | 1,025.00 | 86.00 | 2,150.00 | | | 824.04 | | 1,725.43 | | | 200.96 | 424.57 |

**Telepayroll, Inc.**
phone: 800-442-4988
fax:    800-736-1555
e-mail: Taxfiling@Telepayroll.Com

Exhibit 1
Page 25

Date Printed: 01/24/2017 1:25:11 PM

## #4705 Clarke Project Solutions, Inc.

| | Payroll Register With Year To Date (S109) |
|---|---|
| Check Date : | 01/27/2017-1 |
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

Date Printed: 01/24/2017 1:25:12 PM

**Employee 1** — Check Number: 99997039 Memo — Check Date: 01/27/2017 — Check Type: Regular — Frequency: Bi-Weekly

| Earnings Description | Rate of Pay | Current Hours | Current Amount | YTD Hours | YTD Amount | Salary | Deductions Description | Current Amount | YTD Amount | Taxes Description | Current Amount | YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 Regular | 0.00 | 86.50 | 0.00 | 172.00 | 0.00 | 4538.46 | 13 Advance | 250.00 | 500.00 | Federal (S/6) | 611.36 | 1,326.31 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | 20 Direct Deposit C* | 2,710.58 | 5,654.13 | OASDI | 255.69 | 537.07 |
| 07 Salary | 0.00 | 0.00 | 4,538.46 | 0.00 | 9,076.92 | | 25 Medical 125 | 414.38 | 414.38 | Medicare | 59.80 | 125.61 |
| | | | | | | | | | | State CA (H/4) | 199.53 | 441.45 |
| | | | | | | | | | | State CA EE SDI (H/4) | 37.12 | 77.97 |
| Check Totals: | | 94.50 | 4,538.46 | 196.00 | 9,076.92 | | | 3,374.96 | 6,568.51 | | 1,163.50 | 2,508.41 |

Net Check YTD Amount: 0.00

**Employee 2** — Check Number: 99997038 Memo — Check Date: 01/27/2017 — Check Type: Regular — Frequency: Bi-Weekly

| Earnings Description | Rate of Pay | Current Hours | Current Amount | YTD Hours | YTD Amount | Salary | Deductions Description | Current Amount | YTD Amount | Taxes Description | Current Amount | YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 2307.69 | 20 Direct Deposit C* | 1,618.78 | 3,237.56 | Federal (S/0) | 390.91 | 781.82 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | | OASDI | 143.08 | 286.16 |
| 07 Salary | 0.00 | 0.00 | 2,307.69 | 0.00 | 4,615.38 | | | | | Medicare | 33.46 | 66.92 |
| | | | | | | | | | | State GA (1B/) | 121.46 | 242.92 |
| Check Totals: | | 80.00 | 2,307.69 | 160.00 | 4,615.38 | | | 1,618.78 | 3,237.56 | | 688.91 | 1,377.82 |

Net Check YTD Amount: 0.00

**Employee 3** — Check Number: 99997037 Memo — Check Date: 01/27/2017 — Check Type: Regular — Frequency: Bi-Weekly

| Earnings Description | Rate of Pay | Current Hours | Current Amount | YTD Hours | YTD Amount | Salary | Deductions Description | Current Amount | YTD Amount | Taxes Description | Current Amount | YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 2230.77 | 20 Direct Deposit C* | 1,820.33 | 3,674.66 | Federal (M/2) | 195.61 | 397.73 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | 26 Dental 125 | 43.37 | 43.37 | OASDI | 135.62 | 273.93 |
| 07 Salary | 0.00 | 0.00 | 2,230.77 | 0.00 | 4,461.54 | | | | | Medicare | 31.72 | 64.07 |
| | | | | | | | | | | EE Washington L&I | 4.12 | 7.78 |
| Check Totals: | | 80.00 | 2,230.77 | 160.00 | 4,461.54 | | | 1,863.70 | 3,718.03 | | 367.07 | 743.51 |

Net Check YTD Amount: 0.00

**Employee 4** — Check Number: 99997036 Memo — Check Date: 01/27/2017 — Check Type: Regular — Frequency: Bi-Weekly

| Earnings Description | Rate of Pay | Current Hours | Current Amount | YTD Hours | YTD Amount | Salary | Deductions Description | Current Amount | YTD Amount | Taxes Description | Current Amount | YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 4230.77 | 10 Reimbursement | -354.93 | -354.93 | Federal (M/3) | 529.90 | 1,059.80 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | 20 Direct Deposit C* | 3,552.14 | 6,749.35 | OASDI | 262.31 | 524.62 |
| 07 Salary | 0.00 | 0.00 | 4,230.77 | 0.00 | 8,461.54 | | | | | Medicare | 61.35 | 122.70 |
| | | | | | | | | | | State NC (M/W/7) | 180.00 | 360.00 |
| Check Totals: | | 80.00 | 4,230.77 | 160.00 | 8,461.54 | | | 3,197.21 | 6,394.42 | | 1,033.56 | 2,067.12 |

Net Check YTD Amount: 0.00

Exhibit 1
Page 26

# #4705 Clarke Project Solutions, Inc.

## Payroll Register With Year To Date (S109)

| Check Date : | 01/27/2017-1 |
|---|---|
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

**Date Printed: 01/24/2017 1:25:12 PM**

| Employee Name / Earnings Description | Rate of Pay | Current Hours | Current Amount | Social Security Number YTD Hours | YTD Amount | Deductions Description | Salary Current Amount | Frequency Current Amount | YTD Amount | Taxes Description | Check Number Current Amount | Check Date | Check Type YTD Amount | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | **2096.15** | **Bi-Weekly** | | **-99997035 Memo** | | **01/27/2017** | **Regular** | **0.00** |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 20 Direct Deposit C* | 0.00 | 1,517.62 | 3,035.24 | Federal (S/0) | 338.03 | | Regular | 676.06 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | | OASDI | 129.96 | | | 259.92 |
| 07 Salary | 0.00 | 0.00 | 2,096.15 | 0.00 | 4,192.30 | | | | | Medicare | 30.39 | | | 60.78 |
| | | | | | | | | | | State KS (S/0) | 80.15 | | | 160.30 |
| Check Totals: | | 80.00 | 2,096.15 | 160.00 | 4,192.30 | | | 1,517.62 | 3,035.24 | | 578.53 | | | 1,157.06 |
| | | | | | | | **1923.08** | **Bi-Weekly** | | **-99997034 Memo** | | **01/27/2017** | **Regular** | **0.00** |
| 01 Regular | 0.00 | 72.00 | 0.00 | 136.00 | 0.00 | 20 Direct Deposit C* | 0.00 | 1,384.89 | 2,769.78 | Federal (S/1) | 255.82 | | Regular | 511.64 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | | OASDI | 119.23 | | | 238.46 |
| 07 Salary | 0.00 | 0.00 | 1,923.08 | 0.00 | 3,846.16 | | | | | Medicare | 27.88 | | | 55.76 |
| | | | | | | | | | | State MD (23/1) | 135.26 | | | 270.52 |
| Check Totals: | | 80.00 | 1,923.08 | 160.00 | 3,846.16 | | | 1,384.89 | 2,769.78 | | 538.19 | | | 1,076.38 |
| | | | | | | | **2320.00** | **Bi-Weekly** | | **-99997033 Memo** | | **01/27/2017** | **Regular** | **0.00** |
| 01 Regular | 0.00 | 72.00 | 0.00 | 128.00 | 0.00 | 20 Direct Deposit C* | 0.00 | 1,796.78 | 3,593.56 | Federal (M/0) | 262.23 | | Regular | 524.46 |
| 04 Holiday | 0.00 | 8.00 | 0.00 | 24.00 | 0.00 | | | | | OASDI | 143.84 | | | 287.68 |
| 06 PTO | 0.00 | 0.00 | 0.00 | 8.00 | 0.00 | | | | | Medicare | 33.64 | | | 67.28 |
| 07 Salary | 0.00 | 0.00 | 2,320.00 | 0.00 | 4,640.00 | | | | | State LA (0/0) | 83.51 | | | 167.02 |
| Check Totals: | | 80.00 | 2,320.00 | 160.00 | 4,640.00 | | | 1,796.78 | 3,593.56 | | 523.22 | | | 1,046.44 |
| | | | | | | | **3884.62** | **Bi-Weekly** | | **-99997032 Memo** | | **01/27/2017** | **Regular** | **0.00** |
| 01 Regular | 0.00 | 71.00 | 0.00 | 106.00 | 0.00 | 20 Direct Deposit C* | 0.00 | 2,955.13 | 5,910.26 | Federal (M/2) | 482.31 | | Regular | 964.62 |
| 04 Holiday | 0.00 | 9.00 | 0.00 | 27.00 | 0.00 | | | | | OASDI | 240.85 | | | 481.70 |
| 06 PTO | 0.00 | 0.00 | 0.00 | 27.00 | 0.00 | | | | | Medicare | 56.33 | | | 112.66 |
| 07 Salary | 0.00 | 0.00 | 3,884.62 | 0.00 | 7,769.24 | | | | | State CO (M/2) | 150.00 | | | 300.00 |
| Check Totals: | | 80.00 | 3,884.62 | 160.00 | 7,769.24 | | | 2,955.13 | 5,910.26 | | 929.49 | | | 1,858.98 |
| | | | | | | | **0.00** | **Bi-Weekly** | | **-99997031 Memo** | | **01/27/2017** | **Regular** | **0.00** |
| 01 Regular | 27.25 | 36.00 | 981.00 | 68.00 | 1,853.00 | 20 Direct Deposit C* | 0.00 | 913.81 | 1,827.62 | Federal (M/1) | 60.15 | | Regular | 120.30 |
| 04 Holiday | 27.25 | 4.00 | 109.00 | 12.00 | 327.00 | | | | | OASDI | 67.58 | | | 135.16 |
| | | | | | | | | | | Medicare | 15.81 | | | 31.62 |
| | | | | | | | | | | State AL (M/1) | 32.65 | | | 65.30 |
| Check Totals: | | 40.00 | 1,090.00 | 80.00 | 2,180.00 | | | 913.81 | 1,827.62 | | 176.19 | | | 352.38 |

**Telepayroll, Inc.**
phone: 800-442-4988
fax:   800-736-1555
e-mail: Taxfiling@Telepayroll.Com

Page 10

Exhibit 1
Page 27

## #4705 Clarke Project Solutions, Inc.

### Payroll Register With Year To Date (S109)

| | |
|---|---|
| Check Date : | 01/27/2017-1 |
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

| Employee Name | Rate of Pay | Current Hours | Social Security Number Amount | YTD Hours | YTD Amount | Salary Deductions Description | Frequency Current Amount | YTD Amount | Taxes Description | Check Number Current Amount | Check Type YTD Amount | Net Check YTD Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Earnings Description | | | | | | | | | | | | |
| **Company** | | | | | | **42 Checks** | **42 EMPLOYEES** | | | | | 0.00 |
| 01 Regular | 0.00 | 2889.00 | 2,006.00 | 5350.75 | 3,803.00 | 03 Child Support | 343.57 | 687.14 | Federal | | 18,572.18 | 37,135.80 |
| 04 Holiday | 0.00 | 286.00 | 109.00 | 930.00 | 527.00 | 10 Reimbursement | -2,089.68 | -2,271.12 | OASDI | | 7,139.48 | 14,347.07 |
| 06 PTO | 0.00 | 131.00 | 0.00 | 338.00 | 0.00 | 10 Child Support | 120.81 | 241.62 | Medicare | | 1,669.72 | 3,355.39 |
| 07 Salary | 0.00 | 0.00 | 114,203.66 | 0.00 | 227,857.38 | 11 Phone Reimburs | -450.00 | -450.00 | State AL | | 169.93 | 339.86 |
| 08 Unpaid Time | 0.00 | 16.00 | 0.00 | 24.00 | 0.00 | 12 Expense Reimb | -50.00 | -223.00 | State AZ | | 65.91 | 138.60 |
| 17 Ins Reimb Ta | 0.00 | 0.00 | 382.37 | 0.00 | 764.74 | 13 Advance | 250.00 | 500.00 | State CA | | 583.14 | 1,208.67 |
| | | | | | | 20 Direct Deposit Ch | 81,073.30 | 162,382.07 | State CA EE SDI | | 84.54 | 172.81 |
| | | | | | | 21 Direct Deposit Sa | 1,023.57 | 2,236.15 | State CO | | 150.00 | 300.00 |
| | | | | | | 22 2nd Direct Depos | 2,869.00 | 4,169.00 | State GA | | 713.93 | 1,546.84 |
| | | | | | | 25 Medical 125 | 1,243.14 | 1,243.14 | State HI | | 259.35 | 259.35 |
| | | | | | | 26 Dental 125 | 305.21 | 305.21 | State KS | | 457.39 | 914.78 |
| | | | | | | | | | State KY | | 123.47 | 246.94 |
| | | | | | | | | | State LA | | 156.44 | 315.07 |
| | | | | | | | | | State MD | | 617.13 | 1,234.26 |
| | | | | | | | | | State MO | | 304.00 | 622.00 |
| | | | | | | | | | State NC | | 180.00 | 360.00 |
| | | | | | | | | | State NY | | 510.19 | 1,026.07 |
| | | | | | | | | | State PA | | 177.11 | 354.22 |
| | | | | | | | | | AK-SUI (EE) | | 7.83 | 18.98 |
| | | | | | | | | | EE Washington L&I | | 20.29 | 35.12 |
| | | | | | | | | | Cumberland TWP | | 36.62 | 73.24 |
| | | | | | | | | | East Berlin Boro LST | | 2.00 | 4.00 |
| | | | | | | | | | East Berlin Boro Res | | 61.46 | 122.92 |
| | | | | | | | | | | | **32,062.11** | **64,131.99** |
| | | | | | | | | | ER OASDI | | 7,139.48 | 14,347.07 |
| | | | | | | | | | ER MEDICARE | | 1,669.72 | 3,355.39 |
| | | | | | | | | | ER FUI | | 628.99 | 1,326.48 |
| | | | | | | | | | AK-SUI (ER) | | 24.26 | 58.84 |
| | | | | | | | | | AL-SUI | | 27.38 | 54.76 |
| | | | | | | | | | AZ-SUI | | 31.00 | 65.19 |
| | | | | | | | | | CA-SUI | | 432.93 | 982.16 |

**Telepayroll, Inc.**
phone: 800-442-4988
fax:    800-736-1555
e-mail: Taxfiling@Telepayroll.Com

Date Printed:  01/24/2017 1:25:12 PM

Exhibit 1
Page 28

## #4705 Clarke Project Solutions, Inc.

### Payroll Register With Year To Date (S109)

| Check Date : | 01/27/2017-1 |
| Period Range : | 01/07/2017 TO 01/20/2017 |
| Week Number : | Week #4 |

| Check Number | Taxes Description | Current Amount | YTD Amount |
|---|---|---|---|
| | CO-SUI | 68.76 | 137.52 |
| | GA-SUI | 4.73 | 10.69 |
| | HI-SUI | 92.31 | 92.31 |
| | KS-SUI | 218.63 | 437.26 |
| | KY-SUI | 65.69 | 131.38 |
| | LA-SUI | 102.78 | 206.57 |
| | MD-SUI | 43.27 | 86.54 |
| | MO-SUI | 145.02 | 297.21 |
| | NC-SUI | 42.31 | 84.62 |
| | NY-SUI | 381.17 | 762.34 |
| | TN-SUI | 274.04 | 548.08 |
| | TX-SUI/Replenishment | 1,073.39 | 2,154.99 |
| | WA-SUI | 147.12 | 294.24 |
| | AL-Security Assess | 2.78 | 5.56 |
| | CA-Employment & Training Tax | 7.73 | 17.54 |
| | CO-Bond Principal Surcharge | 16.32 | 32.64 |
| | ER-Washington L & I | 49.27 | 82.84 |
| | HI-ER & TRN Assess | 0.38 | 0.38 |
| | NY-Re-employment | 7.10 | 14.20 |
| | WA-Admin Fund | 2.51 | 5.02 |
| | | 12,699.07 | 25,591.82 |

| Frequency | | |
|---|---|---|
| Current Amount | YTD Amount | |
| 84,638.92 | 168,820.13 | |

| Social Security Number | | |
|---|---|---|
| YTD | | |
| Hours | Amount | |
| 6642.75 | 232,952.12 | |

| Current | | |
|---|---|---|
| Amount | | |
| 116,701.03 | | |

| Rate of Pay | | |
|---|---|---|
| Hours | | |
| 3322.00 | | |

Employee Name

Earnings Description

Salary
Deductions Description

Check Type   Net Check

| Company Totals | 3322.00 | 116,701.03 | 6642.75 | 232,952.12 | 84,638.92 | 168,820.13 | 44,761.18 | 89,723.81 |

Exhibit ___
Page ___ 29

Telepayroll, Inc.
phone: 800-442-4988
fax:   800-736-1555
e-mail: Taxfiling@Telepayroll.Com

Date Printed:  01/24/2017 1:25:12 PM

Page 12

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
18111 Von Karman, Suite 460, Irvine, California 92612-7152.

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT AND HONORING OF PREPETITION PAYROLL OBLIGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CHRISTOPHER CLARKE IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 3, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Queenie K Ng          queenie.k.ng@usdoj.gov          US Trustee
- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov   US Trustee
- Pamela Jan Zylstra    zylstralaw@gmail.com           Counsel for Debtor

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) February __, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 3, 201716, I served the following persons and/or entities <u>by personal delivery</u>, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

PERSONAL SERVICE: Honorable Theodor Albert, 411 W. Fourth St., Fifth Floor, Santa Ana, CA 92701
Office of United States Trustee, Queenie Ng, 411 W. Fourth St., Suite 9041, Santa Ana, CA 92701
VIA OVERNIGHT DELIVERY: Cumming Construction Management, Inc., Attn CFO Brian
VIA EMAIL: Attorneys for Cumming: John M. Genga <jgenga@gengalaw.com>

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/3/2017 | Pamela Zylstra | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.